**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMES ANDERSON,

        Plaintiff,

v.                                  Case No. 07-CV-12643

PATRICIA CARUSO, et al.,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT
AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**

Pending before the court is Plaintiff James Anderson's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 and his motion to appoint counsel. The court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff is a state prisoner currently confined at the Parnall Correctional Facility in Jackson, Michigan. In his complaint, Plaintiff alleges that in retaliation for a prior grievance he was subject to verbal harassment and intimidation by Defendant Rick Johns, a food steward at the Parnall Corretional Facility, and that Defendant Patricia Caruso, the Director of the Michigan Department of Corrections, failed stop the mental abuse in response to his grievance. Plaintiff sues Defendants in their official and individual capacities and seeks injunctive relief and monetary damages.

For the reasons stated below, the court will dismiss the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The court will also deny the motion for appointment of counsel.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915A(b), the court is similarly required to dismiss a complaint seeking redress against government entities, officers and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or in fact. See *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege or immunity secured by the federal Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded to *pro se* plaintiffs, the court finds that Plaintiff's complaint is subject to dismissal.

Plaintiff first alleges that Defendant Johns violated Plaintiff's constitutional rights by engaging in acts of verbal harassment and intimidation. It is well-established,

2

however, that allegations of harassment and verbal threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corr.*, 746 F. Supp. 662, 667 (E.D. Mich. 1990). There is no Eight Amendment violation even when a corrections officer uses verbal threats to assault an inmate. *See Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Verbal threats and abuse made in retaliation for filing a grievance are likewise not actionable. *See Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). Courts, of course, do not applaud the kind of conduct outlined in Plaintiff's complaint, but even if his allegations of verbal abuse and intimidation were proven to be true, they still do not state an actionable claim under 42 U.S.C. § 1983.

Plaintiff's related retaliation claim must also be dismissed as conclusory and unsupported. The following three elements make out a claim for retaliation: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). However, conclusory allegations of retaliatory motive unsupported by material facts are insufficient to state a claim under § 1983. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *see also Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003) (conclusory allegations of unconstitutional conduct are insufficient to state a civil rights claim). Because Plaintiff has not provided a factual basis for his claim, Plaintiff's retaliation claim must be

dismissed. *See Pack v. Martin*, 174 F. App'x 256, 259 (6th Cir. 2006); *McMillan v. Fielding,* 136 F. App'x 818, 820-21 (6th Cir. 2005).

Plaintiff also alleges that, despite Plaintiff's grievances, Defendant Caruso failed to stop Defendant Johns's mental abuse. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dep't of Soc. Svs.*, 436 U.S. 658, 691-92 (1978) (stating that § 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995) (holding that the plaintiff must allege facts showing that the defendant participated, condoned, encouraged or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to Defendant Caruso. The mere fact that Defendant Caruso allegedly failed to properly respond to Plaintiff's grievance is insufficient to state a claim upon which relief may be granted under § 1983.

Furthermore, Plaintiff has not set forth facts indicating that Defendant Caruso's conduct was intentional. An "injury caused by negligence does not constitute a deprivation of any constitutionally protected interest" and a claim that officials have engaged in negligent conduct does not state a claim under §1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Lewellen v. Metro. Gov't. of Nashville & Davidson County, Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994) (finding that gross negligence is not actionable under § 1983, because it is not "arbitrary in the constitutional sense"). Plaintiff's claim against Defendant Caruso must therefore be dismissed. Accordingly,

IT IS ORDERED that Plaintiff's complaint [Dkt. #1] is DISMISSED. The court further DETERMINES that an appeal from this order would be frivolous and therefore

4

cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

IT IS FURTHER ORDERED that Plaintiff's motion to appoint counsel [Dkt. # 3] is DENIED AS MOOT.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: July 24, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 24, 2007, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522